**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| v. : | CASE NO.: 7:20-CR-00037 |
| : | |
| TRAVIS JERMAINE ALLEN, : | |
| : | |
| Defendant. : | |
| : | |

## **ORDER**

The Court held a hearing on the United States Probation Office's Petition (Doc. 97) to revoke Defendant Travis Allen's supervised release. This Order memorializes that hearing. Previously, Allen pleaded guilty to felon-in-possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2). The Petition alleges five violations of his supervised release. (Doc. 97 at 1.)

At the hearing, Defense Counsel acknowledged that Allen had been provided with a copy of the Petition for revocation and that he had reviewed it with Counsel. The Court advised Allen of his rights to a hearing on the allegations, in which the Government would be required to prove the allegations by a preponderance of the evidence; to present evidence in his defense; and to testify. Allen was also advised that he was not required to testify or present a defense and whether he would testify was his decision—all of which Allen acknowledged he understood. The Court also confirmed from Allen that he had received the Petition and the Revocation Report (Doc. 98) and reviewed them. Allen stated that he had spoken to Counsel and wished to stipulate to the alleged violations. The Court noted that violation alleged in Paragraph Four of the petition involved actions identical to those in violation alleged in Paragraph Three. Therefore, the Court found that Allen stipulated to violations alleged in Paragraphs One, Two, Three, and Five of the petition. The Court noted that the violation alleged in Paragraph Four was effectively subsumed by the violation alleged in Paragraph Three. The Court also found that Allen's waiver of a hearing on the Petition was freely, knowingly, and voluntarily done.

Because Allen stipulated to all alleged violations, the Court found that the violations in the Petition had been established by a preponderance of the evidence.[1] Once the violations had been established, the Court heard from the Government, Defense Counsel, and Defendant Allen. Neither Allen nor the Government objected to the Revocation Report. The Court then declared Allen's supervised release revoked.

The Court determined Allen's U.S. Sentencing Guidelines range to be 12 to 18 months based on Grade B violations and a criminal history category of IV. Considering the totality of circumstances and the 18 U.S.C. §§ 3553(a) and 3583(e) factors, the Court sentenced Allen to 12 months imprisonment. The Court found this sentence appropriate to reflect the seriousness of Allen's conduct and to protect the public. Allen's imprisonment shall be followed by one year of supervised release.

For these reasons, the Petition (Doc. 97) is **GRANTED**, and Allen's supervised release is **REVOKED**. Defendant is sentenced to 12 months imprisonment. After his release, he will serve a one-year term of supervised release.

**SO ORDERED**, this 29th day of September 2025.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] "Due process requires that the court state 'the evidence relied on and reasons for revoking [supervised release.'" *United States v. Dees*, 452 F. App'x 929, 931 (11th Cir. 2012) (quoting *United States v. Cope*land, 20 F.3d 412, 414 (11th Cir. 1994)). "This requirement is satisfied when the record is 'sufficiently complete to advise the parties and the reviewing court of the reasons for the revocation of supervised release and the evidence the decision maker relied upon.'" *Id.* (citations omitted).